7112

MUCKENFUSS MFG. CO. v. CHARLESTON & WESTERN CAR. RY. CO.

CARRIER—FREIGHT—PENALTY.—Under the "prompt shipment" act, 24 Stat., 671, the owner or holder of the bill of lading may recover the penalty for delay in shipment without proof of injury in any way by such delay in shipment.

Before HYDRICK, J., Spartanburg, June, 1908. Reversed.

Four cases by Muckenfuss Manufacturing Company against Charleston and Western Carolina Railway Company. From Circuit order, reversing judgment of Magistrate J. R. Coan, plaintiff appeals.

*Mr. S. G. Finley,* for appellant, cites: 81 S. C., 74.

*Mr. S. J. Simpson,* contra, cites: Endlich on Interpretation of Stats., sec. 318.

March 4, 1909. The opinion of the Court was delivered by

12—82

MR. JUSTICE GARY.    These four actions, which were heard together, were commenced in a magistrate's court, to recover the penalty under the Act of 1904, entitled "An Act to prevent delay in the transportation of freight by railroads in this State."    24 Stat., 671.

The magistrate rendered judgment in favor of the plaintiff, which was reversed by his Honor, the Circuit Judge, upon the ground that the owner or holder of a bill of lading could not recover the penalty without showing that he had sustained injury by the delay in the transportation of the freight.

The provisions of the said Act are as follows:

"That from and after May 1, 1904, all railroad companies doing business in this State shall transport to its destination all freight received by them for transportation within this State, within a reasonable time after receipt thereof, not exceeding the following times after midnight of the day of the receipt thereof, to wit: Between points not over one hundred miles apart, seventy-two hours; between points over one hundred and not over two hundred miles apart, ninety-six hours, and between points over two hundred miles apart, one hundred and twenty hours.    The nearest route by railroad shall be taken in each case as the distance between the points: *Provided,* That notice be given to the receiving company that prompt shipment of such freight is required, and when requested, such company shall insert in the bill of lading the words, 'Prompt shipment required,' which shall be conclusive evidence of such notice, and each such company shall extend such notice to its connecting line, or be liable for the consequences of its failure to do so.

Section 2.    "That any such company failing to comply with the provisions of this Act, except for good and sufficient cause, the burden of proof of which shall be on the company so failing, shall be subject, in addition to the liabilities and remedies now existing for unreasonable delay in the transportation of freight, to a penalty of five dollars per

day for every day of delay in excess of the time herein-before limited, to be recovered by any consignee who may be injured in any way by such delay, or by the owner or holder of the bill of lading in any court of competent juris-diction: *Provided,* That the sum of the penalty recovered shall not exceed the value of the goods and transportation charges thereon."

In section 2 of the Act the word "who," after the word "consignee," unquestionably refers alone to the consignee, and not to the owner or holder of the bill of lading.

Therefore, if the context of the Act does not demand that section 2 should be read, as if the words, "who may be in-jured in any way by such delay," were inserted after the words, "or by the owner or holder of the bill of lading," then it can not be successfully contended that it is incum-bent on the owner or holder of the bill of lading to show that he suffered injury by reason of the delay.

If the Legislature had intended that the owner or holder of the bill of lading, as well as the consignee, would have to prove injury, in order to recover the penalty, it would have been more natural to have arranged the words of the sec-tion differently.

For instance, there would have been no doubt as to the intention if the Legislature had said: "To be recovered by any consignee, or by the owner or holder of the bill of lading who may be injured in any way by such delay," or, "to be recovered by any consignee who may be injured in any way by such delay, or by the owner or holder of the bill of lading who may be injured in any way by such delay."

It seems to us that there was a reasonable ground for the Legislature to make a distinction between the consignee and the owner and holder of the bill of lading.

It might well have presumed that when the words "prompt shipment required" were inserted in the bill of lading at the instance of the shipper, the owner or holder of

the bill of lading would sustain injury by delay in the transportation of the goods, while on the other hand such presumption to the same extent could not reasonably have been indulged as to the consignee, who frequently may have had no knowledge of the shipment, and may not have made any calculations with reference to it.

Furthermore, the statute does not contemplate that the sum of the penalty recovered should exceed the value of the goods and transportation charges.

Therefore, unless the words, "who may be injured in any way by such delay," had been applied to the consignee, it would have been possible for him to recover the penalty when he had suffered no injury, and thereby defeat the right of the owner, who had sustained damage, to recover the penalty.

The exception raising this question is sustained.

The respondent's attorney served the following notice: "That the defendant will ask, upon the hearing of these cases in the Supreme Court, that if the judgment of the Circuit Court can not be sustained, upon the ground upon which it was based, it be sustained upon the ground that the Circuit Judge erred in not sustaining the defendant's first and third grounds of appeal from the judgment of the magistrate, and in not holding in respect thereto, that under the undisputed evidence, the plaintiff was not the owner and holder of the bills of lading for the goods involved in these actions, at any time after the said bills of lading were mailed to Darlington Manufacturing Company, and in not, therefore, holding the judgments of the magistrate were without any testimony whatever to sustain them, and in not reversing the said judgments."

We do not deem it necessary to cite the details of testimony to show that there was evidence tending to sustain the finding of his Honor, the Circuit Judge, mentioned in the said notice.

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and the case remanded with instructions to affirm the judgment of the magistrate.