7141

FULLERTON v. ATLANTIC COAST LINE R. R. CO.

CARRIER—FREIGHT—PENALTY.—A consignee who shows no damage from delay in shipment of freight cannot recover the penalty for delay in shipment provided by 24 Stat., 671.

Before PRINCE, J., Bamberg, Spring term, 1908. Affirmed.

Action by Mike Fullerton against Atlantic Coast Line R. R. Co. From judgment for defendant, plaintiff appeals.

*Messrs. R. C. Hardwick and B. W. Miley,* for appellant.

*Messrs. J. T. Barron and S. G. Mayfield,* contra; *Mr. Mayfield* cites: 24 Stat., 671, *relates only to delay:* 81 S. C., 169. *No special damages can be recovered:* 76 S. C., 239; 70 S. C., 16; 71 S. C., 82, 212; 75 S. C., 355; 79 S. C., 158. *Fixing amount of damage at value at place of shipment is valid:* 75 S. W., 782; 39 S. W., 958; 6 Cyc., 401; 39 S. C., 55; 79 S. C., 158; 71 S. C., 82, 211; 73 S. C., 264; 77 S. C., 182. *Where vendor undertakes to deliver at a certain place action for loss remains in him:* 79 S. C., 158; 14 S. C., 116; Elliott on R. R., sec. 1692; Benj. on Sabs., sec. 1040; Hale on Car., 547; 6 Cyc. 511; 24 Ency., 1050; 26 Am. St. R., 441; 115 Am. St. R., 390; 40 L. R. A., 535; 27 Am. D., 516; Hutch. on Car., sec. 1319; 30 S. E., 555. *Settlement by carrier is bar to action:* Hutch. on Car., secs. 1306, 1318, 1319, 1320, 36 S. E., 309; 30 S. E., 555; 112 Mass., 524; 49 N. Y., 188; 13 Barb., 57; 81 S. C., 159.

April 9, 1909. The opinion of the Court was delivered by

MR. JUSTICE JONES. This action was commenced by Mike Fullerton, Prince Kennedy, Henry Clifton and Josephine Odom against defendant company on two causes of action, first, for statutory penalty of five dollars per day for every day of delay in excess of the time prescribed under the statute of March 25, 1904, 24 Stat., 671-2, amounting to one hundred and fifty dollars for thirty days' delay; second, for damages for unreasonable delay in transporting said merchandise consisting of eighteen and one-half tons of fertilizers. Plaintiff accepted a nonsuit as to the second cause of action and secured an order of amendment, leaving Mike Fullerton sole plaintiff.

At the close of the testimony Judge Prince directed a verdict for defendant upon the first cause of action and plaintiff appeals.

It appears from the undisputed facts that J. B. Gillam, a merchant, agreed to sell Fullerton, Kennedy, Clifton and Odom eighteen and one-half tons of fertilizers to be delivered at Lancaster siding on the Seaboard Air Line, near Denmark, S. C. This siding was a private saw mill siding, near the farms of Fullerton and the others, but was not listed on the schedule of the Seaboard Air Line. Gillam ordered the fertilizers of the Etiwan Phosphate Company, Charleston, S. C., with instructions to ship to Mike Fullerton, Lancaster Siding, S. A. L., near Denmark. Bill of lading with the words, "prompt shipment required," was issued March 15, 1907, by the Atlantic Coast Line to "Mike Fullerton, Lancaster, S. C., S. A. L., near Denmark," and sent to Gillam, who turned it over to Fullerton. The Etiwan Phosphate Company charged the fertilizers to Gillam on their books. The shipment was not a joint shipment, as each one of the four persons named had a definite portion of the fertilizers, Fullerton's portion being about four tons, and the shipment was ordered to Lancaster siding in the name of Fullerton for the convenience of the parties, and Fullerton was furnished by Gillam with a list so as to distribute the fertilizers among them. The fertilizers not having arrived by April 12, 1907, and having been purchased for farm use and the planting season being on, plaintiff and the other parties arranged with Gillam to order other fertilizers, which was done, and the parties received the goods about the 15th or 16th of April. About this time it was discovered by the railroad agents that the car of fertilizers in question had been shipped to Lancaster, S. C., and soon thereafter the car was sent to Denmark for delivery to the Seaboard Air Line for transportation to Lancaster siding, where Gillam with plaintiff's approval notified the railroad company that other fertilizers had been ordered and furnished to the parties and that the shipment would not be received. The railroad company then returned the goods to the Etiwan Phosphate Company and

made a settlement in reference thereto with that company. Gillam and the Etiwan Phosphate Company made a settlement whereby Gillam was released from liability for the first shipment and charged with the second or substituted shipment. The bill of lading for the first shipment was delivered back to Gillam by the plaintiff. With reference to the damages he had sustained plaintiff testified that the delay in shipment delayed him two or three weeks in his farm work, but there was no evidence that such delay was injurious to plaintiff.

Upon the facts it was proper to direct a verdict for defendant.

Under the statute the penalty can only be recovered "by any consignee who may be injured in any way by such delay or by the owner or holder of the bill of lading." The plaintiff was not shown to be either the owner or the holder of the bill of lading or injured consignee at the time of the commencement of the action. It was incumbent upon the consignee to prove that he was injured by the delay. *Muckenfuss Mfg. Co.* v *Charleston & W. C. Ry. Co., infra,* 177, 63 S. E. Rep., 747. While not absolutely conclusive, the cases of *Best* v. *Railway,* 72 S. C., 479, 52 S. E., 223; *Macon* v. *Railway,* 81 S. C., 167; *Matheson* v. *Railway,* 79 S. C., 158, 60 S. C., 437, tend to show that plaintiff had no cause of action against the defendant for the penalty.

The judgment of the Circuit Court is affirmed.